REISSUED FOR PUBLICATION

SEP 11 2020
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1026V
### Filed: August 13, 2020
UNPUBLISHED

|  |  |
|---|---|
| PATRICK MCRAE,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner<br><br><br>Decision Dismissing Petition;<br>Influenza (flu) vaccine;<br>Migraine; Shoulder Pain;<br>Severity Requirement; Six-<br>Month Sequalae |

*Patrick McRae, pro se, Jaratt, VA.*
*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION[1]

On July 17, 2019, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that he suffered right shoulder and arm pain and migraines following receipt of an influenza ("flu") vaccine on February 2, 2019.  (ECF No. 1.)[2]  For the reasons discussed below, his petition is now dismissed.

### I.    Procedural History

This case was assigned to me on August 29, 2019. (ECF No. 8.) On September 6, 2019, I issued an Initial Order, providing petitioner with instructions on how to proceed.  Upon my review of the records, I found that the records filed were inadequate to support petitioner's claim.  (ECF No. 9.)  I explained that "in order to pursue this claim petitioner will need to file additional medical records or a medical opinion that

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] "ECF No." refers to the location of each document on the court's electronic docket for this case.

corroborate petitioner's allegation of continued residual effects of his alleged injury for more than six months." (*Id.* at 3.)

Petitioner filed additional records which were received by the court on January 28, 2020. (ECF No. 16.) However, upon my review of these additional records, I found that petitioner had not provided any records showing his condition after March 8, 2019, which was still within two months of his February 2, 2019 vaccination. On February 6, 2020, I gave petitioner another opportunity to file any additional records or medical opinion to support his claim that would show that his injury lasted for at least six months. (ECF No. 17.) However, no filings were made by petitioner.

On June 4, 2019, I issued an Order to Show Cause, giving petitioner one last opportunity to show why this case should not be dismissed for failure to prosecute and for insufficient proof. (ECF No. 20.) On July 20, 2020, petitioner filed a letter to the Court, stating that

> There is nothing els[e] that I could do to show you and court that I was healthy and took this flu shot for the first time and was with pain in my shoulder where I got this sh[ot] and that lasted a little over just one month and I had a headache that never stopped almost as long as my shoulder but it did not feel the same it had became my [new] normal. I did not get sick or anything lasting for the time you spoke of, so I am healthy now and would like to stop taking up any more of the court's time.

(ECF No. 21.)

## II.    Discussion

In general, to receive compensation in the Vaccine Program, petitioner must prove either (1) that he suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that he suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Additionally, however, when congress created the Vaccine Injury Program from which petitioner is now seeking to recover compensation, they decided that only severe vaccine injuries would be compensated. In order to state a claim for a vaccine injury under the Vaccine Act, a vacinee must have either:

2

(i) suffered the residual effects or complications of such illness, disability, injury, or condition for more than 6 months after the administration of the vaccine, or (ii) died from the administration of the vaccine, or (iii) suffered such illness, disability, injury or condition from the vaccine which resulted in inpatient hospitalization and surgical intervention.

§300aa-11(c)(1)(D).

Congress also limited compensation only to those cases that are supported by either medical records or the opinion of a competent physician.  The Vaccine Act states with regard to a finding that petitioner can recover for his injury that: "The special master or court may not make such finding based on the claims of a petitioner alone, unsubstantiated by medical records or medical opinion."  42 U.S.C. § 300aa-13(a)(1).

In this case, petitioner has provided only one medical record showing a single medical assessment on February 20, 2019, and has not provided any records showing his condition after March 8, 2019.  Moreover, in response to my Order to Show Cause, petitioner indicated that his shoulder pain and headache lasted "a little over just one month" and further confirmed that his injury did not persist for the required period of time. (ECF No. 21, p.1.)

Petitioner's alleged vaccine injury did not result in hospitalization or death and he has documented that his injury lasted less than two months. He has therefore failed to satisfy the statutory severity requirement pursuant to the Vaccine Act.  Accordingly, I **DISMISS** this petition for failure to establish a *prima facie* case of entitlement to compensation.

### III.    Conclusion

This case is now **DISMISSED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.